UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                                  Case Number 91-81019

v.                                                          Honorable David M. Lawson

DONALD DAVENPORT,

                Defendant.
_____/

**ORDER GRANTING MOTION FOR RECONSIDERATION
AND MOTIONS TO REDUCE SENTENCE**

Defendant Donald Davenport moves for reconsideration of the Court's order denying his motion to reduce his sentence to time served under the authority of the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by section 603(b)(1) of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5239.  The Court found that Davenport established an extraordinary and compelling reason for release during this global pandemic, but it denied the motion after finding that the factors in 18 U.S.C. § 3553(a) did not favor early release.

Reconsideration is appropriate when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3).

Davenport contends that the Court overlooked two important points when denying the motion by: (1) failing to give appropriate weight to the impact of age on recidivism, and (2) not considering a sentence reduction, as opposed to immediate release, in light of sentencing disparity from the First Step Act's elimination of the sentence stacking mandate associated with convictions under 18 U.S.C. § 924(c).  The government opposes the motion.  However, Davenport's arguments have merit.

Davenport was sentenced to a prison term of 57.5 years for multiple armed bank robbery and firearm offenses. The length of that term was required by the mandatory stacking provisions of 18 U.S.C. § 924(c) then in effect. But even acknowledging that, the Court determined that the lengthy sentence was necessary to protect the public. *See* Order Denying Mot., ECF No. 326, PageID.334. In drawing that conclusion, though, the Court overlooked the statement of the sentencing judge, the Honorable Avern Cohn, who expressed the view that the sentence was unduly lengthy. Judge Cohn remarked:

> First, the mandatory additional years that have been imposed have been imposed because the law of the United States requires it[. B]oth the Sentencing Commission and the Federal Judicial Center have published studies which severely criticize mandatory additional [prison terms] as completely distorting Guideline sentencing. This judge has endorsed the conclusions in those reports.
>
> Lest there be any misunderstanding, this Judge firmly believes that the mandatory additional [prison terms] completely distort any rational system of sentencing, and in the case of Mr. Hester and Mr. Davenport are the functional equivalent of a sentence for the rest of their natural lives.
>
> Let there be no misunderstanding about the Court's lack of understanding of the sentences it has imposed. It has imposed them because it is obligated to impose them.

Sentencing Tr., ECF No. 328-2, PageID.419-20. Judge Cohn's comments should be read with additional context in mind: that the sentence was imposed before *Booker v. United States*, 543 U.S. 220 (2005), was decided, and the Sentencing Guidelines were mandatory then rather than advisory.

It is plain from Judge Cohn's comments that he did not believe that the factors in 18 U.S.C. § 3553(a) warranted the lengthy sentence that was imposed, even though, as this Court observed in its previous order commenting on Davenport's criminal history, he "was a repeat bank robber who steadfastly refused to change his behavior in spite of substantial prior prison sentences and the assistance of supervisory officers who were dedicated to his rehabilitation." Order Denying Mot., ECF No. 326, PageID.334. Those "prior prison sentences" were imposed nearly three

decades ago. Davenport's conduct since he was sentenced is hardly a model of compliance with legal norms. But that does not fully account for Davenport's argument on the effects of aging on recidivism, which have become to be well known. Here, Davenport has maintained a clear prison disciplinary record for the past two years, obtained an education, and served as a prison librarian. When those additional facts are given the consideration they deserve, it becomes apparent that the sentence of 57.5 years for the multiple armed bank robberies, as serious as those offenses were, is "greater than necessary[] to comply with the purposes set forth in" section 3553(a)(2). 18 U.S.C. § 3553(a).

Davenport's second point deserves further discussion as well.

If sentenced today, Davenport would face only 60 months imprisonment on each consecutive 924(c) count, which would reduce his prison sentence to a minimum of 300 months or 27.5 years.

The Sixth Circuit has not traced a consistent path when dealing with the impact of this change in the law on compassionate release motions. In *United States v. Tomes*, the court affirmed the denial of a compassionate release motion where the district court determined that the 3553(a) factors did not favor release. 990 F.3d 500, 504 (6th Cir. 2021). The court in passing also mentioned that the First Step Act's non-retroactive change in the stacking provisions of 18 U.S.C. § 924(c) would not amount to an "extraordinary and compelling reason" under section 3582(c)(1)(A)(i). *Id.* at 505. Another panel distinguished that last comment from *Tomes* and held that "in making an individualized determination about whether extraordinary and compelling reasons merit compassionate release, a district court may include, along with other factors, the disparity between a defendant's actual sentence and the sentence that he would receive if the First Step Act applied." *United States v. Owens*, 996 F.3d 755, 763 (6th Cir. 2021). That through-line

was discussed in part by another panel of the court in *United States v. Jarvis*, 999 F.3d 442 (6th Cir. 2021). That panel refused to permit the non-retroactive changes in the section 924(c) stacking provisions to constitute a stand-alone basis for extraordinary and compelling reasons under section under § 3582(c)(1)(A)(i). But the court acknowledged "that district courts may consider the non-retroactive First Step Act amendments in applying the § 3553(a) factors once an inmate has met the threshold requirements for relief under the compassionate release statute." *Id.* at 445. *But see id.* at 447 (asserting that "*Tomes*' conclusion that a non-retroactive sentence amendment cannot support a motion for compassionate release amounts to dicta that we are not bound to follow" and concluding that *Owens*'s holding that the First Step Act's amendments to section 924(c) was an extraordinary and compelling reason under section 3582(c)(1)(A)(i) was binding circuit law) (Clay, J., dissenting).

That distinction favors Davenport here. The Court already has determined that he has established extraordinary and compelling reasons for relief under section 3582(c)(1)(A)(i) based on his age in combination with the risks posed by the coronavirus pandemic. Order Denying Mot., ECF No. 326, PageID.331-32. And, as discussed above, the mandatory stacking provisions in effect at the time of the sentencing generated a sentence that was greater than necessary for the protection of the public or necessary for deterrence or to provide a just punishment for these crimes, as serious as they were.

Davenport is now 65 years old. He has served nearly 30 years of a 57.5-year sentence. If sentenced for those same crimes today, he would face only 60 months imprisonment on each consecutive 924(c) count, which would reduce his prison sentence to a minimum of 300 months or 27.5 years. A total sentence of 30 years (360 months) is adequate to achieve the sentencing goals that Congress has prescribed.

III.

As noted earlier, Davenport has exhausted his administrative remedies. And on reconsideration, he has demonstrated that compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) is justified.

Accordingly, it is **ORDERED** that the defendant's motion for reconsideration (ECF No. 328) is **GRANTED**.

It is further **ORDERED** that on reconsideration, the defendant's motions for compassionate release (ECF No. 303, 308) are **GRANTED**.

It is further **ORDERED** that the defendant's total term of custody is **REDUCED** to 360 months.

It is further **ORDERED** that this order is stayed for up to fourteen days to allow the Bureau of Prisons to verify the defendant's residence and release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release after the defendant is quarantined. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, quarantine is complete, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended.

It is further **ORDERED** that under 18 U.S.C. § 3582(c)(1)(A), the defendant must serve a "special term" of supervised release of twelve months (in addition to the supervised release term previously ordered). During that special term, the defendant must confine himself to his place of residence, except for work, medical appointments, religious services, and purchasing necessities. The defendant will be subject to GPS location monitoring for the first 180 consecutive days of his

home confinement. However, if the defendant is in full compliance with his conditions of supervised release, the probation officer, after 90 days, may discontinue GPS location monitoring.

The Court will enter an amended judgment and commitment.

                                                  s/David M. Lawson  
                                                  DAVID M. LAWSON  
                                                  United States District Judge

Dated:  August 9, 2021